09-0922-ag
Tjhin v. Holder

BIA
Nelson, IJ
A098 361 398

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        BARRINGTON D. PARKER,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

FRANSISCA TJHIN,
        *Petitioner*,

        v.                                    09-0922-ag
                                              NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**   H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:**   Tony West, Assistant Attorney General, Luis E. Perez, Senior Litigation Counsel, John C. Cunningham, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Fransisca Tjhin, a native and citizen of Indonesia, seeks review of a February 6, 2009 order of the BIA denying her motion to reopen her removal proceedings. *In re Fransisca Tjhin*, No. A098 361 398 (B.I.A. Feb. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). However, when the BIA analyzes country conditions evidence submitted with a motion to reopen, "we review the BIA's fact-finding only for 'substantial evidence.'" *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Tjhin's motion to reopen as untimely where she filed it over twenty-one months after her November 2006 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2). The BIA properly concluded that the evidence Tjhin submitted, including the most recent State Department International Religious Freedom Report for Indonesia, did not "adequately demonstrate[] material *changed* country conditions" that would warrant an exception to the filing deadline.

Tjhin argues that the BIA erred in finding that she did not demonstrate changed country conditions because it did not "explain under what standard" it reached its conclusion. However, while the BIA may abuse its discretion if it gives no indication that it considered "country conditions evidence submitted by an applicant that materially bears on his claim," *Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir. 2005), it is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted).

Here, presented with evidence it is "asked to consider time and again," the BIA reasonably found that Tjhin had not shown changed country conditions. *See id.* Even accepting Tjhin's assertion that the record contained evidence of both interreligious violence and governmental support for religious diversity, the record does not *compel* the conclusion that the agency erred in finding that there had not been a material change. *Jian Hui Shao*, 546 F.3d at 169.

Tjhin further asserts that the BIA abused its discretion when it required her to show changed country conditions as a condition precedent to her pattern or practice claim. That argument fails. An alien may show a pattern or practice of persecution against a group to which she belongs in lieu of showing that she would be singled out for persecution. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). However, such a showing must be made in support of an asylum application, not an untimely motion to reopen. Because Tjhin had submitted an untimely motion to reopen, she was required to demonstrate changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____